UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO. 18-cv-22465-FAM

UNITED STATES OF AMERICA

    Plaintiff,

vs.

CLARA G. MARTINEZ

    Defendant,

_____/

FILED by /s/ D.C.

AUG 17 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA - MIAMI

## DEFENDANT'S REPLY TO

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant, Clara G. Martinez, file this response to PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT and states as follows:

1.    Plaintiff's Complaint states that the debt is owed to the United States of America, that the Defendant failed to repay the indebted amount as of the date of filing of this action, and that "Exhibit A" attached to the Complaint incorporates the allegations of the Complaint, but fails to attach a copy of the promissory note, that the Defendant signed the note, and that the Plaintiff is the holder of the note.

2.    Plaintiff's Certificate of Indebtedness fails to include a copy of the promissory note on which the allegations of the Complaint and the Certificate of Indebtedness which are the basis of the Complaint.

3.    Plaintiff's attorney in his response to the Defendant's Motion To Dismiss states that a copy of the original promissory note has been forwarded to the Defendant but the Defendant has not received a copy of the promissory note for Defendant's review or the Court's consideration in Plaintiff's Reply To Defendant's Motion To Dismiss.

4.     Plaintiff's Attorney's assertion of mailing the promissory note to the Defendant does not constitute admissible evidence of the existence of a promissory note signed by the Defendant and does not constitute admissible evidence to establish Plaintiff's cause of action for breach of promissory note.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

## TO DISMISS

1.     Plaintiff" response to Defendant's Motion To Dismiss argues that under Rule 8(a), Fed.R.Civ.P. Plaintiff's Complaint states a claim for relief. It is true that the standard Rule 8 does not required detailed factual allegations but it requires more than "unadorned, accusations." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009)

2.     Nevertheless, under standard Rule 8 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. See **Bell Atlantic Corp. v. Twombly**, 550 U.S. 555, (2007).

3.     The Plaintiff in this case has merely offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action and does not state a claim for relief under Rule 8(a), Fed.R.Civ.P.

## PLAINTIFF'S CERTIFICATE OF INDEBTEDNESS IS DEFICIENT TO

## ESTABLISH A CAUSE OF ACTION FOR BREACH OF PROMISSORY NOTE

4.     Plaintiff has submitted into evidence the Affidavit of Brad Yoder from the Litigation Support Unit, of the Department of Education in San Francisco California, the Affidavit does not claim that the Affiant Brad Yoder has personal knowledge of the business records related to the aforementioned affidavit. CERTIFICATE OF INDEBTEDNESS IN SUPPORT OF PLAINTIFF'S COMPLAINT (hereinafter referred to "EXHIBIT A"

5.     The Affiant writing the CERTIFICATE OF INDEBTEDNESS (Exhibit A) does not explain how the records came into his possession or whether the Affiant is an employee of the Department of Education of San Francisco, California and how the Affiant reviewed the records of Defendant's account.

6.     The Affiant in the CERTIFICATE OF INDEBTEDNESS does not even provide Borrower's account number in the Department of Education records. The Affiant does not identify himself as the custodian of records for the Department of Education in San Francisco, or as an employee of that Department of Education.

7.      The Affiant in the CERTIFICATE OF INDEBTDNESS does not claim to have personal knowledge of how the business records were created by the original creditor CITIBANK.

8.      The Affiant in the CERTIFICATE OF INDEBTEDNESS does not indicate that the records of the promissory note allegedly signed by the Borrower with CITIBANK were made at or near the time of the transaction, by or from information transmitted by a with with personal knowledge of the transaction pursuant to Department Regular Practice of making and keeping such records.

9.      The Affiant in the CERTIFICATE OF INDEBTEDNESS does not claim to have personal knowledge of the sale or assignment of the debt from CITIBANK to the current holder of the note.

10.     The Affiant in the CERTIFICATE OF INDEBTEDNESS does not provide sworn or certified copies to which the Affiant expressly referred or gleaned information in the records of the Department of Education and upon which the allegations of the Complaint are essentailly based. Specifically, the promissory note, the default of the Borrower, the payment of the guaranty and assignment of the note to the Department of Education.

11.     The Affiant in the CERTIFICATE OF INDBEBTEDNESS contradicts the amount of the principal due on the promissory note and allegedly signed by the Borrower.

12.     Plaintiff's complaints states that a debt is owed to the United States of America in the amount of **$111, 256.39,** but Plaintiff's Exhibit "A" which is incorporated into the allegations of the Complaint specifically states that the "Borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from CITIBANK, N.A. This loan was disbursed for **$31,186.12** on 04/15/1994 at 9.00 % per anum. (See, Copy of Attached Exhbit "A")

13.     Plaintiff's Certificate of Indebtenedness later avers that "Due to this default the guaranty agency paid a claim in the amount of **$51,486.86,** to the holder and the Borrower now owes to the Plaintiff the following:

| | |
|---|---|
| Principal | $51,486.86 |
| Interest | $59.769.53 |
| **Total debt as of 05/16/2018** | **$111, 256.39** |

14.     No support was provided for Affiant's allegations in the Certificate of Indebtedness signed under penalty of perjury by Brad Yoder. (Litigation Support Analyst) The Certificate of Indebtedness fails to attach the promissory noted signed by the Borrower in the amount **of $31,186.12,** as referred in the Affidavit, and later Yoder's affidavit contradicts the amount due on the promissory note and the principal on the note being **$51, 486.86 plus interest.**

15.     Plaintiff's CERTIFICATE OF INDEBTENESS is totally conclusory and untrustworthy and hence is no evidence of the elements of a cause of action for breach of a promissory note and is not admissible under the business record exception under Federal Rule 803(6).

16.    The failure to provide sworn and certified copies to which the Affiant Yoder expressly referred and upon which the allegations of the Complaint were expressly based essentially nullified the Affidavit. This is because mere conclusory statements about the information contained in those documents are hearsay and inadmissible as evidence of the existence of promissory note, that the Borrower signed the note, and defaulted on the note.

17.    Therefore, in this case the Plaintiff has not established a prima facie case to collect on a promissory note. Even under United **United States v. Carter,** 506 F. App'x 853, 858 (11th Cir. 2013), cited by the Plaintiff's Reply to Defendant's Motion To Dismiss **United States v. Carter,** 506 F. App'x 853, 858 (11th Cir. 2013). The government is still required to produce a copy of the original promissory note but is not required to produce the original promissory note.

18.    The Plaintiff in this case has failed to produce a **copy** of the **original promissory note** as required by the Carter decision and Plaintiff's allegations in the Certificate of Indebtedness are mere conclusions and formulaic allegations insufficient to establish that the Borrower signed the note, defaulted on the note, and that payment is due from the Borrower.

19.    The Plaintiff needs to produce the relevant promissory note and the certificate of indebtedness signed under penalty of perjury by a loan analyst. See, **United States v. Davis,** 28 Fed. Appx 502, 503, **United States v. Kaniakis,** 8:17-cv-1269-T-33TGW. **United States v. Hennigan,** No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729, then the burden shifts to the Borrower to to establish that the amount is not due and owing. **United States v. Bayless,** No. 8:16-cv-2757-T-33 MAP, 2017 WL 882109, 4 (M.D. Fla. Mar. 6, 2017; **United States v. Steven J. Kaniadakis,** 8:17-cv-1269-T-33TGW

As a result of these deficiencies in the CERTIFICATE OF INDEBTEDNESS Plaintiff has failed to state a cause of action and the Complaint should be dismissed

WHEREFORE, Defendant Clara G. Martinez, respectfully requests the Court to grant the Motion and for such other relief as this Court deems just and proper.

Dated: August 17, 2018

Respectfully submitted

BY: _____
Clara G. Martinez
1410 SW 119TH COURT
Miami. Florida 33184
Phone: (786) 873-8122
Email:StGeorgie23@gmail.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via via U.S. mail and email to Steven M. Davis 121 Alhambra Plaza 10th Floor Coral Gables, Florida 33134.

"EXHIBIT A"

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

CLARA G. MARTINEZ

Account No

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 05/16/2018.

On or about 02/17/1994, the BORROWER executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from CITIBANK, NA. This loan was disbursed for $31,186.12 on 04/15/1994 at 9.00 % interest per annum. The loan obligation was guaranteed by UNITES STUDENT AID FUNDS, INC., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 05/30/2005, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $51,486.86 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 08/19/2011, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $ 51,486.86 |
| Interest: | $ 59,769.53 |
| Total debt as of 05/16/2018: | $ 111,256.39 |

Interest accrues on the principal shown here at the rate of $12.69 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/16/18

Loan Analyst
Litigation Support Unit

Brad Yoder
Loan Analyst

EXHIBIT A