UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO. 18-cv-22465-FAM

UNITED STATES OF AMERICA

    Plaintiff,

vs.

CLARA G. MARTINEZ

    Defendant,

_____/

FILED by JAO D.C.

SEP 2 7 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, CLARA G. MARTINEZ, answers Plaintiffs' Complaint and states as follows:

1. Admitted for jurisdictional purpose only.

2. Admitted for venue purpose only.

3. Defendant denies Paragraph 3 of the Complaint and demands strict proof thereof: Specifically:

    A. Denied that the current principal (after application of all prior payments, credits and offsets) is $51,486.86, and demands strict proof thereof.

    B. Denied that the current Capitalized Interest Balance and Accrued Interest is $59,769.53, and demands strict proof thereof.

Denied that the Total Owed-Claim Number 2015A58806 is $111,256.39, and demands strict proof thereof.

As to the Certificate of Indebtedness, attached as Exhibit "A" The Defendant denies the total amount owed excluding attorney's fees and CIF charges, The Defendant denies the principal balance and the interest shown on the Certificate of Indebtness, and is without knowledge as to the balance and interest as to the date of the Certificate of Indebtness after application of all prior payments, credits, and offsets. The Defendant denies that prejudgment interest accrues at 9.00% per annum or $12.69 per day.

4. Denied. No prior demand has been made upon the Defendant for the payment of the indebtedness.

## AFFIRMATIVE DEFENSES

FIRST DEFENSE: Plaintiff has failed to show that it is the real party in interest.

The promissory note attached to the Complaint makes no reference as to the original Lender and fails to identify the Lender of the PROMISSORY NOTE. The Complaint however, alleges that the Defendant is indebted to the Plaintiff. Neither the Complaint nor the affiant disclose how the Plaintiff came to hold the debt. Until the Plaintiff produces a complete chain of assignment showing the assignment of the debt from the original lender to the Plaintiff, the Plaintiff cannot show it is the real party in interest.

SECOND DEFENSE: Plaintiff's Promissory Note failed to state an essential element for breach of a contract.

Plaintiff's alleged Promissory Note lacks the name of the original Lender disbursing the funds and that the Defendant agreed to repay the loan to the original Lender and signed the Promissory Note. (Plaintiff's Promissory Note is silent as to the name of the Lender and shows only that the Defendant applied for a Loan Consolidation Loan).

Plaintiff violated federal regulations by failing to include all the pages of the Loan Consolidation Application and the Promissory Note and the name of the original lender disbursing the funds to the Defendant. Plaintiff has failed to include the Repayment Schedule and Disclosure Statement that should be provided to the Defendant after the former creditors named in the application are discharged on the loans included in the application as required by Section IV of the Promissory Note filed by the Plaintiff. In the event that the Repayment Schedule and the Disclosure Statement conflict , the Repayment Schedule and the Disclosure Statement controls.

THIRD DEFENSE: CITIBANK, NA is not the original creditor I had an account with and the Promissory Note does not show who the original owner of the alleged account was at the time of the application.

CITIBANK, NA as alleged in Plaintiff's Certificate of Indebtedness is not the original lender and did not disbursed the funds to the Defendant. Defendant's purpose in applying for the Loan Consolidation was to pay off all the loans listed in SECTION 8 of the Loan

Consolidation Application and Promissory Note. Primarily: to pay off Defendant's individual student loans with CRESTAR BANK AND CITIBANK totaling the amount of $31,684.99.

CITIBANK, NA did not disburse the proceeds to pay Defendant's student loans on or about April 14, 1994. Plaintiff's promissory note does not disclose the name of the original lender and that the Defendant executed the promissory note to this particular Lender. Plaintiff's Loan Application and Promissory Note lacks one of the essential terms of the promissory note the name of the original lender disbursing the funds; without the lender's name on Plaintiff's Promissory Note, the Repayment Schedule and the Disclosure Statement, Plaintiff's Loan Consolidation and Promissory Note is just an application for loan consolidation and not a valid promissory note signed by the Defendant.

Therefore, Plaintiff's claim is invalid and Plaintiff is not entitled to collect the amount demanded.

FOURTH DEFENSE:    The Plaintiff has failed to show it has standing.

The Plaintiff has standing it it has a legally protectable and tangible interest in the outcome of the lawsuit.

The Plaintiff lacks standing because it hasn't produce a complete chain of assignment showing how it came to hold a note that has not **original payee** in the promissory note filed by the Plaintiff.

The Plaintiff has failed to file or otherwise show that it possesses a valid assignment from the original lender and that such assignments comply with 34 C.F.R. 682.598 and 508 and 34 C.F.R. 682.511(c). Since the Plaintiff has failed to do so it should not be allowed to recover in this lawsuit.

FITH DEFENSE:    CITIBANK, NA was not the original owner of the Promissory Note and the Borrower did not agreed to repay the Promissory Loan to CITIBANK, NA and CITIBANK'S assignment of the loan to the guaranty agency is not a valid assignment of the Promissory Note.

CITIBANK, NA is not the original Lender of the Note; therefore CITIBANK'S assignment of the loan to the guaranty agency (USA) is not a valid assignment and the Plaintiff lacks standing to bring this action for default of student loan against the Defendant. Plaintiff is not who I entered in contract with and the Plaintiff has failed to provide a copy of the agreement which shows it is the legal owner of this alleged debt and has the right to bring this case to collect the debt.

SIXTH DEFENSE:    The essential terms of the Promissory Note are in conflict with the Repayment Schedule and the Disclosure Statement.

The interest rate Defendant is being charged in the Complaint and Promissory Note is not the actual rate allegedly charged to the Defendant and is in actual conflict with the Repayment Schedule and the Disclosure Statement and is not 9%. The amount of the loan and

the capitalized amount of the loan is also in conflict with the Promissory Note, the Repayment Schedule and the Disclosure Statement.

Plaintiff's Promissory Note alleges an interest rate of 9% but the Plaintiff has failed to include the Repayment Schedule and the Disclosure Statement as required by the terms of the Promissory Note to determine the actual interest rate charged to the Defendant.

SEVENTH DEFENSE:     Failure of Condition Precedent

The Plaintiff as assignee of the promissory note has failed to comply with the conditions precedent before it can commence a lawsuit against the Defendant. Specifically the Plaintiff has failed to provide and file the original Promissory Note, the Notices of Default, Initial Disclosure Statements, Statement's of Borrower's Rights, Repayment Disclosure Standards, and final Demand Letters. Since the Plaintiff has failed to do so it should not be allowed to proceed or recover in this lawsuit.

EIGTH DEFENSE:    Improper Accounting and Improper Acceleration

The Lenders, Loan Servicers, and the Department and Plaintiff have failed to properly credit all payments made by the Defendant in violation of the terms of the note and 20 U.S.C. Section 1080. As a result of this improper accounting the Plaintiff is estopped or has waived its subrogation rights as assignee of the note and therefore cannot claim a delinquency or default has occurred. The Plaintiff has failed to properly accelerate the amount due on the note by failing to provide the required notice of default and final demand letter to the Defendant. The Plaintiff has failed to comply with all conditions precedent to bring this action and therefore is estopped from accelerating according to the terms of the note.

NINTH DEFENSE:    Laches and Unconscionability

Plaintiff has waited many years before seeking recovery. The Defendant reasonably relied on the passage of time and does not have all the documents or records necessary to rebut the Plaintiff's allegation of non-payment or to attack or discredit the Plaintiff's stated claim amounts. The Defendant is therefore prejudiced by the Plaintiff's dilatory action in commencing this lawsuit beyond the time considered reasonable to recover monies claimed owed on a note. It would be unconsionable to allow Plaintiff to recover in his lawsuit.

TENTH DEFENSE:    Failure to join indispensable parties

The action of the Lenders, Servicers, Guaranty Agency, as well as the Department reveal a pattern of unlawful conduct and non-compliance with the 20 U.S.C. Section 1080 and the federal regulations governing GSLs and the payment of claims made to Department of losses under such loans. To the extent of the mentioned entities engaged in such prohibited activities the Plaintiff has failed to join them as indispensable parties necessary to fully adjudicate the lawfulness and appropriateness of its current claims.

ELEVENTH DEFENSE:     Unclean Hands and Lack of Good Faith Dealing

The action of the Lenders, Servicers, Guarantors, and Guaranty Agency and the Department demonstrate a pattern of actions and practices that should be considered negligent or in the alternative evidences unclean hands and the absence of good faith dealing with the Defendant. Their actions resulted in violations of federal laws and regulations governing GSIs. The Plaintiff as assignee of the original notes stands in the shoes of the original lender and cannot cure or otherwise undo these actions. Accordingly, the Plaintiff should not be allowed to recover in this lawsuit.

TWELFTH DEFENSE:     Statute of Limitations

Plaintiff's recovery is barred by the Statute of Limitations if Defendant's alleged Promissory Note is not a Federal Student Loan but a private loan.

THIRTEEN DEFENSE:

Plaintiff's recovery is barred because the loan was modified, extinguished, or otherwise does not exist.

Defendant reserves the right to add additional, appropriate affirmative defenses as may be discovered through the course of the ongoing investigation in this action.

WHEREFORE, defendant Clara G. Martinez requests this Court to enter judgment in their favor, in addition to other relief deemed proper.

Dated: September 27, 2018

Respectfully submitted

BY: _____
Clara G. Martinez
1410 SW 119TH COURT
Miami. Florida 33184
Phone: (786) 873-8122
Email:StGeorgie23@gmail.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via via U.S. mail Steven M. Davis 121 Alhambra Plaza 10th Floor Coral Gables, Florida 33134.