**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CIVIL CASE NO. 18-cv-22465-FAM**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**vs.**

**CLARA G. MARTINEZ**

**Defendant,**

_________________________________/

FILED by [signature] D.C.
DEC 11 2018
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**MOTION TO SET ASIDE CLERK'S DEFAULT**

**AND FOR GOOD CAUSE**

Comes now Defendant, the Defendant, Clara G. Martinez files this Motion to Set Aside Default, and seeks an order setting aside the Clerk's Default.

(1) Plaintiff filed its Complaint for default of student loan on 06/19/2018. (Doc. # 1) Defendant filed a Motion for Extension of Time To Answer the Complaint.

(2) Defendant filed a Motion To Dismiss Plaintiff's Complaint on 07/20/2018. (Doc. # 9)

(3) Defendant's Motion To Dismiss Complaint was denied by the Court on 09/12/2018. (Doc # 12)

(4) Defendant filed its Answer to Plaintiff's Complaint on 09/27/2018. (Doc. # 15)

(5) On 10/03/2018, the Court set this case for trial on 07/16/2019. (Doc # 16)

(6) On 10/19/2018, the Court set a Status Conference in this case for November 6, 2018. (Doc. # 20)

(7) On 11/13/2018, the Court entered a Notice to Show Cause for Defendant's failure to appear at the Status Conference on November 6, 2018 . (Doc. # 22)

(9) The Defendant received the Notice to Show Cause past the deadline set by the Court on November 20, 2018, due to the Thanksgiving Holidays.

(10) The Defendant after receiving the Notice To Show Cause on or about November 23, 2018, immediately filed with the Court on November 26, 2018, Defendant's reasons for not appearing at the Status Conference set for November 6, 2018. (Doc. # 23)

(11) Defendant's reason for not responding to the Order to Show Cause by November 20, 2018. (Doc. # 23)

(12). The Court entered an order for the Clerk to default the Defendant on 11/29/2018 without considering Defendant's Reply to the Order to Show Cause. (Doc. # 24)

(13) The Clerk entered the Default on 11/30/2018. (Doc. # 25)

(14) The Defendant promptly complied with the Order To Show Cause after the receipt of the Notice, albeit (6) days after the deadline set by the Court of November 20, 2018, and promptly explained to the Court Defendant's reasons for failure to attend the Status Conference. Defendant's reasons for the late filing of her response to the Order to Show Cause constitute excusable neglect, and the Defendant respectfully requests the Court set aside the Clerk's Entry of Default.

**MEMORANDUM OF LAW**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "for good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55( c). Furthermore, **"defaults are seen with disfavor because of the strong policy of determining cases on their merits."** ***Fla. Physician's Ins. Co. Inc. v. Ehlers,*** 8 F.3d 780, 783 (11th Cir.1993).

To evaluate whether good cause exists to set aside a Clerk's entry of default, the courts consider the following factors: (1) whether the default is culpable or willful; (2)whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. ***Campania Interamericana Export Import, S.A. v. Campania Dominica de Aviacion,*** 88 F.3d 948, 951 (11th Cir.1996).

These factors are not exclusive. The Courts have considered other factors in setting aside defaults: "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and ***whether the defaulting party acted promptly to correct the default."*** *!d.* at 951. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *!d.* at 951-952.

The Courts have considered multiple factors in evaluating "good cause" and these factors are simply "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." **Matter of Dierschke**, 975 F.2d 18, 184 (5th Cir. 1992)

Because of the strong policy of deciding cases on their merits, the Eleventh Circuit has held defaults unfavorable. Therefore, in order to obtain relief under Rule 55(c), the movant must only show a

bare minimum to support its claim for relief. **Fortner,** 2012 WL 3613879, 7 (citing **Jones v. Harrell,** 858 F.2d 667, 669 (11th Cir. 1988)

## ARGUMENT

**A.** Since the beginning of the Complaint, the Defendant has diligently defended itself in this litigation. However, the Defendant was not at fault for not receiving the Notice To Appear At The Status Conference on November 6, 2018. The Defendant was not aware that her appearance was being required by the Court on November 6, 2018 because the Defendant never received such Notice of Appearance in the mail. (See, Attached Affidavit of Martinez, as Exhibit 1)

The Defendant received the Order To Show Cause placed in the mail by the Clerk of Courts on **November 16, 2018** and reaching the Defendant well after **November 20, 2016** during the Thanksgiving holiday.

The failure to receive the Status Conference Notice set for November 6, 2018 and the delay in receiving the Order To Show Cause well after the deadline of November 20, 2018, caused the Defendant to file the Reply to the Order To Show Cause on **November 26, 2018.**

Upon notice of the Order To Show Cause, the Defendant immediately took action and filed the Reply to the Order To Show Cause on **November 26, 2018, (6) days after the deadline set by the Court of November 20, 2108.** Defendant's failure was not culpable or willful disregard of the Court's Order.

The Defendant promptly acted to rectify the mistake by filing the **Response to the Order** To Show Cause on November 26, 2018 and the **Motion To Set Aside the Default (7)** days after the entry of default. Defendant's prompt actions show there was not willfull disregard involved as a reason for her failure to attend and respond late to the Order To Show Cause.

The Defendant's Motion must be granted to permit the Defendant to defend this case and litigate the matter on its merits. To allow the entry of default would be prejudicial to the Defendant because Plaintiffs claims are not supported by the facts, and the Defendant has a meritorious defense to the Complaint.

### B. GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT

Setting aside the Default under these facts will not prejudice the Plaintiff if this Court grants the relief requested, as Plaintiff has not conducted any discovery and the are no Motions pending before the Court, other than the Motion To Set Aside the Default. The facts clearly show that neglect was neither willful nor culpable, and demonstrate that the Defendant has a meritorious defense. The delay would not result in a loss of evidence, increased discovery difficulties, etc. to the Plaintiff.

### C. Neglect Was Neither Willful Nor Culpable

Defendant has been diligent in this matter since being served with the Complaint on 06/19/2018. Defendant promptly complied with the Order To Show Cause and filed her response to the Order To Show Cause on **November 26, 2018, (6)** days after the due date set by the Court of **November 20, 2018.** Defendant should not be punished by the lost mail and the delayed in receiving the mail in the Thanksgiving Holiday. Defendant's neglect was neither willful nor culpable and outside of her dominion and control.

EXHIBIT "A"

(6) The Order To Show Cause was received in my home on or about **November 23, 2018** well past the deadline of **November 20, 2018** set by the Court to show cause for my failure to appear on November 6, 2018.

(7) Upon receiving Notice of the Order To Show Cause on or about November 23, 2018, I immediately filed my **Response to the Order to Show Cause on November 26, 2018**.

(8) I did not willfully disregard the Court Status Conference Request because I had no knowledge of the Request To Appear and I did not willfully failed to appear.

(9) I promptly replied to the Order To Show Cause on **November 26, 2018**, even though I received the Notice To Show Cause well after November 20, 2018, due to the Thanksgiving Holiday and the delay in delivering the mail during the rush of the Holiday. **(The Order To Show Cause was placed in the mail on or about November 16, 2018, See Response To Order To Show Cause and Answer due on November 20, 2018)**

(10) My failure to respond was the result of lack of knowledge of the Status Conference Report requiring my appearance on November 6, 2018 and the delayed in receiving the Order To Show Cause after the deadline to reply expired, and not the result of willful disregard of the Court's Order.

(11) After receiving the Order To Show Cause and learning of the Status Conference scheduled by the Court, I immediately tried to rectify the mistake for my failure to attend the status conference and my late response to the Order To Show Cause.

(12) My failure to follow the Court's Order was not willful or in disregard of the Court's Order but due to lack of knowledge of the hearing and the delay in receiving the mail during the Thanksgiving Holiday and clearly beyond my dominion and control.

(13) My failure was not the result of willful or culpable neglect. Instead, the failure to attend and promptly respond in a timely manner was due to the difficulties in the mail delivery and timing of the delivery over the Thanksgiving Holiday.

Sign: ______________________

AFFIANT: CLARA G. MARTINEZ

LISBETH MARTINEZ
MY COMMISSION # GG 185021
EXPIRES: April 24, 2022
Bonded Thru Notary Public Underwriters

WITNESS my hand and official seal in the County and State last aforesaid, this 10th day of Dec., 2018.

______________________

Notary Public

Print Name: Lisbeth Martinez My Commission Expires

EXHIBIT "B"

# Loan Consolidation Application And Promissory Note

Warning: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

## SECTION I — PERSONAL INFORMATION — PLEASE READ INSTRUCTIONS

1. Social Security Number [redacted]
2. Last Name (Please Print) Martinez First (No Nickname) Clara M.I. G.

Permanent Home Address Apt. No.

3. Birthdate

4. Area Code/Telephone Number

5. Driver's License No.

6A. Employer Name Senator Clara D.C.

Employer Address State Zip

6B. Employer Telephone Number

7A. Name, address and telephone of a relative not living with you: Mrs. Lucila Wilcox

7B. Name, address and telephone of another person who knows you and your address: Mr. Luis Diaz

7C. Name, address and telephone of another person who knows you and your address: Ms. Annette Contreras

[illegible]

## SECTION II — STUDENT LOAN INFORMATION

8. Student loans I wish to have consolidated (be sure to read the instructions for 8C, 8D and 8F):

| | A. Creditor/Servicer Name, Address & Telephone Number | B. Account Number | C. Type of Loan | D. Estimated Current Balance | E. Interest Rate | F. Is the Loan in Grace/Repayment? |
|---|---|---|---|---|---|---|
| (a) | Creditor / HSC P.O. Box 6176 Indianapolis In 46206-6176 | | | 8,060.32 | 8% | ☒ yes ☐ no |
| (b) | Citibank C/O Student Loan Corp. P.O. Box 22939 | 93-1 | | 7,500 | 8% | ☒ yes ☐ no |
| (c) | Rochester, NY 14692-2939 | 92-1 | | 7,500 | 8% | ☒ yes ☐ no |
| (d) | Citibank C/O Student L. Corp | 9 | | 4,486.48 | 7.81% | ☒ yes ☐ no |
| (e) | Citibank C/O Student L. Corp | 9 | | 4,138.19 | 7.36% | ☒ yes ☐ no |
| (f) | Citibank C/O the Student Loan Corp. P.O. Box 22939 Rochester, NY 14692-2939 telephone 1-800-967-2400 | 4 | | | | ☒ yes ☐ no |
| | | | TOTAL | 31,684.99 | | |

9. Student loans I wish to have considered for purposes of determining my Repayment Schedule but I do not wish to have consolidated:
DO NOT DUPLICATE LOANS LISTED IN ITEM 8

| | A. Creditor/Servicer Name & Address | B. Account Number | C. Type of Loan | D. Estimated Current Balance |
|---|---|---|---|---|
| (a) | None | | | |
| (b) | | | | |
| (c) | | | | |
| | | | TOTAL | |

## SECTION III — REPAYMENT OPTIONS

10. I prefer ("X" one): ☐ Level Payment Schedule ☐ Graduated Payment Schedule

Document Poor Source Original Retained

## SECTION IV — PROMISSORY NOTE AND BORROWER CERTIFICATION

[illegible]

11. Borrower Signature Date

X Clara G. Martinez 2-17-94

NOTICE TO BORROWER: Terms of the Promissory Note

DT APP RCVD 3/07/94 ** NOTE ** IF ERRORS ENCOUNTERED CONTACT ELSC LN CONSL X-8888

## SECTION V — TO BE COMPLETED BY ED

12. Lender I.D. Numbers (Referenced in Item 8A)

SSN: [redacted] 22.

(a) 1233 (b) 083 (c) 083

(d) 083 (e) 083 (f)

14. 4/15/94

15. 5/15/94 16. 31,186.12

17. 240 18. 9.00 % 20. 002224

White — Lender Yellow — Guarantor Pink — Borrower. ELSC Form 115LC 9/91

Return white & yellow. Keep the pink copy for your records.

Education Loan Servicing Center, Inc. All Rights Reserved.

EXHIBIT A

## ITEMIZATION OF LOANS CONSOLIDATED

| Name of Former Creditor/Servicer | Funds Paid | Name of Former Creditor/Servicer | Funds Paid |
|---|---|---|---|
| CITIBANK | 23,288.31 | CRESTAR BANK | 7,897.81 |
| | | TOTAL AMOUNT | 31,186.12 |

The Total Loan Amount represents the total principal amount of your consolidation loan. If there is a remaining unpaid balance on any of the above listed loans, it is your responsibility to resolve the matter with the applicable creditor.

[X] Your ALAS/SLS Loans were refinanced at     6.79%     prior to being consolidated.

## REPAYMENT SCHEDULE

| DATE | INTEREST RATE | CAPITALIZED INTEREST | AMOUNT FINANCED | FINANCE CHARGES | TOTAL OF PAYMENTS |
|---|---|---|---|---|---|
| Date Interest Begins to Accrue. | Annual Interest Rate of Your Loan. | Accrued Interest to Be Capitalized. | Unpaid Principal (Including Capitalized Interest of Your Loan.) | Dollar Amount the Credit Will Cost You.* | Principal and Interest You Will Have Paid After All Payments Made As Scheduled. |